IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENAULT WATKINS | * | |
| Petitioner | * | |
| v. | * | Civil Action No. WDQ-13-3838 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*

MEMORANDUM

The above-styled case concerns Petitioner's Motion for Return of Property confiscated during his arrest. ECF 1. This Court issued an Order to Show Cause (ECF 2) why Petitioner's Motion should not be granted and Respondent has filed an Answer (ECF 11). Petitioner opposes the Answer (ECF 12) and the matter is ripe for dispositive review. The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motion for Return of Property shall be denied.

Background

The facts are largely undisputed by the parties. Petitioner Renault Watkins ("Watkins"), was arrested on August 26, 2009, by the Baltimore City Police. During a search of the pickup truck Watkins was driving at the time at the time of arrest and a subsequent search of his residence at 3302 Hayward Avenue, officers seized 1708.82 grams of heroin and $40,822 in U.S. currency. As a result, Watkins was charged with narcotics-related offenses in the District Court for Baltimore City, case number 1B02026676. Watkins posted bail and was released from custody the day after his arrest. ECF 11 at p. 1.

On September 22, 2009, an arrest warrant was issued for Watkins by United States Magistrate Judge Beth Gesner based on a criminal complaint alleging that on or about August

26, 2009, Watkins knowingly and intentionally possessed with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§841(a)(1) and (b)(I)(A). The criminal complaint issued by this Court paralleled the state charges against Watkins. *See United States v. Watkins*, Crim. Case WDQ-09-524 (D. Md.).

Watkins was again taken into custody on September 23, 2009, by Baltimore City Police pursuant to the federal arrest warrant. At the time of his arrest, Watkins was driving in the 4400 block of Park Heights Avenue. During the search incident to arrest $5,464 in U.S. currency was taken from Watkins' person. A K-9 scan of Watkins' vehicle resulted in a positive alert for the presence of narcotics in the glove compartment where officers located and seized an additional $5,600 in U.S. currency. Watkins maintains he was on his way to an auction to purchase a vehicle at the time of the September 23, 2009 arrest. ECF 1 at p. 2. The total amount of money seized on September 23, 2009, was $11,064. ECF 11 at Ex. 1 – 3. This money, which is the subject of the instant case, was submitted to the Baltimore City Police Department's Evidence Control Unit. *Id.* at Ex. 4.

Watkins claims that the Baltimore City Police were operating as federal agents because they arrested him pursuant to a federal warrant. He states that the conclusion made that the $11,064 seized from his person and his vehicle were proceeds from illegal narcotics sales was incorrect. Watkins further states that no narcotics were found in the vehicle he was operating on September 23, 2009, and he was not charged with an additional offense as a result of the search. ECF 1 at p. 3.

Watkins was ordered to be detained without bond on September 29, 2009, by then-Magistrate Judge James Bredar, and was subsequently indicted on October 6, 2009. On April 2,

2010, Watkins entered into a plea agreement with the United States wherein he would receive a sentence of 240 months followed by five years of supervised release. ECF 1 at pp. 2 – 3.

On June 21, 2010, Watkins states he consented to the order of forfeiture of the $40,822 in currency as well as the forfeiture of the truck which was seized, stipulating that both were by-products of the sale of narcotics. *Id.* at Ex. 3. The following day Watkins was sentenced in accordance with the plea agreement to 240 months incarceration with five years of supervised release. ECF 1 at p. 4. Based upon his understanding of the forfeiture portion of the plea agreement, Watkins maintains that the money seized on September 23, 2009, is not covered by the agreement and he is entitled to its return. In addition, Watkins claims the seizure of the currency violated the Fourth Amendment as the warrant did not describe with particularity the items to be seized; the Government violated 19 U.S.C. §1607(a) by failing to provide notice of forfeiture; and the forfeiture is invalid due to the absence of evidence sufficiently linking the seized currency to the illegal sale of narcotics. ECF 1 at pp. 4 – 11.

Respondent asserts that Watkins' Motion for Return of Property should be denied because the United States government did not seize or possess the currency at issue. Rather, the Baltimore City Police Department seized the currency and submitted it to their evidence control unit. As such, Respondent cannot return the money[1] and asserts that the proper forum for challenging the forfeiture is the appropriate Baltimore City court. ECF 11 at pp. 2 – 3, citing *United States v. Solis*, 108 F. 3d 722, 722-23 (7th Cir. 1997); *United States v. White*, 718 F. 2d 260, 261 (8th Cir. 1983).

---

[1] Counsel for Respondent contacted the Legal Affairs Division of the Baltimore City Police Department and was informed that the currency at issue was deposited in the police department's account. ECF 11 at p. 3.

## Analysis

Under Fed. R. of Crim. Proc. 41(g) a person aggrieved by an unlawful seizure of property may file a motion for its return in the district where the seizure took place. The rule presupposes that the property sought to be returned is in the possession of the United States government and that it is empowered to return the property. *See United States v. Marshall*, 338 F. 3d 990, 995 (9th Cir. 2003) (relief under Rule 41(g) is appropriate only if the United States possesses the property); *see also United States v. Solis*, 108 F. 3d 722, 723 (7th Cir. 1997). Additionally, a "[m]otion for return of seized property is an equitable remedy that is available only if movant can show irreparable harm and an inadequate remedy at law." *United States v. Copeman*, 458 F. 3d 1070, 1072 (10th Cir. 2006). When a movant has state avenues of relief available to him, he cannot show an inadequate remedy at law. *See Clymore v. United States*, 164 F. 3d 569, 571 (10th Cir. 1999), superseded by statute Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, §2,114 Stat. 202, 208, as recognized in *Kadonsky v. United States*, 3 Fed. Appx 898, 904, n. 6 (10th Cir. 2001).

In the instant case, the seized currency never was in the physical custody of the United States. A Rule 41 motion for return of the property is, however, appropriate where the property is seized by state authorities under limited circumstances. Those circumstances include "actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity." *Clymore*, 164 F. 3d at 571. Watkins asserts the Baltimore police were acting at the direction of federal authorities when he was arrested on September 23, 2009. Constructive possession of the property requires more than mere involvement by federal authorities and is not established

merely because prosecution ultimately occurs in federal court. *See Robinson v. United States*, 2013 WL 682894 *3 (E.D. Va. 2013) (failure to demonstrate actual or constructive possession by the United States requires dismissal of Rule 41(g) motion for lack of jurisdiction).

Watkins argues that since the Baltimore City Police were executing a federal arrest warrant they were acting as agents of the federal government and the currency was seized in that capacity. ECF 12. Respondent does not dispute that Watkins was arrested pursuant to a federal arrest warrant. ECF 11. Also undisputed by the parties is that the currency seized on September 23, 2009, was never used as evidence in Watkins federal prosecution, nor is there any evidence that the money is "being held for potential use as evidence in a federal prosecution." *Copeman*, 458 F. 3d at 1072, citing *Clymore*, 164 F. 3d at 571; *Solis*, 108 F. 3d at 723, *see also United States v. Rhoiney*, 2006 WL 3533095 at *2 (D. Kan. 2006) (characterizing *Clymore* holding as requiring a present potential for use of subject property as evidence in a federal prosecution). This Court concludes that there is no evidence that the United States is in constructive possession of the currency seized from Watkins. Thus, the Motion for Return of Property must be dismissed for lack of jurisdiction.[2]

A separate Order follows.

_7/21/14_  
Date

_/s/ William D. Quarles, Jr._  
William D. Quarles, Jr.  
United States District Judge

---

[2] Watkins retains a remedy at state law. *See* Md. Crim. Proc., Code Ann. §12-304.